UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARIUS MARCEL MILLER,

    Plaintiff,                                 Case No.:

v.                                                      Hon.

DELTA AIRLINES, INC.,

    Defendant.
_____/
Cyril C. Hall (P29121)
Hussein S. Bazzi (P85891)
Hall Makled, P.C.
Attorneys for Plaintiff
23950 Princeton
Dearborn, Michigan 48124
(313) 788-8888 Office
chall@hallmakled.com
hussein@hallmakled.com
_____/

## **COMPLAINT**

**NOW COMES,** the Plaintiff, Darius Marcel Miller, by and through his attorney, Hall Makled PC by Cyril C. Hall and Hussein S. Bazzi, and in support of the instant Complaint says follows unto this Honorable Court.

## **JURISDICTION**

1. That Plaintiff is a resident of the City of Troy, County of Wayne, State of Michigan.

2. That Defendant Delta Airline is a Foreign Corporation and a common carrier that operates throughout the continents/United States and outside of the United States.

3. That the amount exceeds seventy-five thousand dollars ($75,000.00) exclusive of cost and interest and diversity of citizenship exists.

## SUBJECT MATTER JURISDICTION AND VALUE

4. Venue is proper in the United States District Court for Eastern District Court of Michigan pursuant to 28 U.S.C. § 1391.

5. The Air Carrier Access Act of 1986 (ACAA) U.S. Transportation (1980) in 14 CFR part 382, § 382.39 (a)(1) and § 382 (b)(3).

## COMMON ALLEGATION
### (FACTS)

6. That on August 14, 2023, Plaintiff, a paraplegic male, boarded Defendant Delta Airline Flight 1392 from MCO (Orlando, Florida) to DTW (Detroit Metropolitan).

7. That Plaintiff while in flight requested of the flight attendants to be transferred from his designated seat to the on-board wheelchair so that he could privately relieve himself in the restroom.

8. That Plaintiff was informed that wheelchair assistance would not be forthcoming. As a result of Plaintiff's biological need, he was compelled to scoot

2

and crawl to the restroom from row 15 to the front of the plane. No type of assistance from attendants was available.

9. That during Plaintiff traversing the floor, he could not hold his bowels and fecal matter was expelled from his bowels.

10. That upon Plaintiff reaching and entering the restroom, he found same in deplorable condition; to wit; urine-soaked floor which he had navigated onto and through.

11. That Plaintiff was humiliated, embarrassed, felt ashamed, anxious, defeated, and degraded.

12. That as a result of the aforesaid feeling, the fact that his clothing was soiled with feces, urine, and lack of a wheelchair, Plaintiff was forced to stay and remain in the bathroom for hours until the flight landed at DTW (Detroit Metro).

13. That subsequent to landing, Plaintiff, with his foul-smelling and soiled clothing was escorted off the plane by Fire Marshalls (EMS).

## COUNT I – VIOLATION OF AIR CARRIER ACCESS ACT

14. That Plaintiff incorporates herein by reference word for word the allegations contained in paragraphs, one (1) through thirteen (13) as more fully set forth herein.

15. That Defendant is governed by the Air Carrier Access Act of 1986 (ACAA) U.S. Department of Transportation Regulation 14 CPR part 382, recently updated in 2008 which took effect in May 2009.

16. That Defendant failed to comply with § 382.39 (a)(1); to wit;

> This assistance shall include… The services personnel and use of ground wheelchairs, onboard wheelchairs…

> "Onboard wheelchair on the Aircraft, assistance with the use of the onboard wheelchair to enable the person to in or out to and from a lavatory § 382.39 (b)(3).

**Type of Other Violations:**

> Aircraft with more than one aisle should provide at least one lavatory accessible via an on-board aircraft wheelchair. The lavatory must provide door locks, call buttons, grab bars, faucets, and other controls accessible to a person with a disability, including those who entered by means of the on-board wheelchair. § 382.21 (a)(3)

> All aircraft with an accessible lavatory and more than 60 seats must be equipped with an on-board aisle wheelchair. § 382.21 (a)(4)

> Passengers requiring use of the on-board wheelchair for access to the lavatory must receive assistance in the maneuvering (pushing, pulling, turning) of the wheelchair by carrier personnel. Flight attendants are not required to provide assistance in lifting the passenger from the seat to aisle chair or from the aisle chair to lavatory toilet. § 382.21 (a)(4)

4

17. That Defendant violated the above-promulgated rules, regulations, and/or statutes by failing to provide Plaintiff with an on-board wheelchair.

18. That as a direct and proximate result of Defendant's aforesaid violations, Plaintiff suffered damages as alleged in this Complaint.

## COUNT II- NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

19. That Plaintiff incorporates herein by reference word for word the allegations contained in paragraphs, one (1) through eighteen (18) as more fully set forth herein.

20. That Defendant had a duty imposed on it by the Air Carrier Access Act of 1986 (ACAA), to provide Plaintiff with an on-board wheelchair.

21. That Defendant breached said duty by failing to provide an on-board wheelchair and/or inspect the on-board wheelchair to ensure it was operable before departure.

22. That as a direct and proximate result of Defendant's breach of its duty Plaintiff was damaged and suffered severe and serious emotional distress, humiliation, mortification, embarrassment, sleeplessness, and anxiety.

WHEREFORE, Plaintiff prays for judgment for mental abuse and suffering, humiliation and embarrassment, anxiety, mental anguish, costs, interest, and

attorney fees as provided by law and any other damages this Court deems just and proper.

                         Respectfully submitted,

                         */s/ Cyril C. Hall*
                         Cyril C. Hall (P29121)
                         Hall Makled P.C.
                         Attorney for Defendant
                         23950 Princeton
                         Dearborn, Michigan 48124
                         (313) 788-8888 Office
                         chall@hallmakled.com