UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARIUS MARCEL MILLER,

         Plaintiff.                    Case No. 2:24-cv-10086
                                   Honorable Linda V. Parker

v.

DELTA AIR LINES, INC.,[1]

         Defendant.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS (ECF NO. 4)

Plaintiff Darius Marcel Miller, who is paraplegic, initiated this lawsuit after flight attendants allegedly did not assist or provide him with an in-flight wheelchair to access the restroom during a Defendant Delta Air Lines, Inc. ("Delta") flight.  In his Complaint, Miller alleges violations of the Air Carrier Access Act ("ACAA") and negligent infliction of emotional distress.  The Court has federal question jurisdiction over Miller's ACAA claim, *see* 28 U.S.C. § 1331, and diversity jurisdiction over his state-law claim, *see id*. § 1332.[2]

---

[1] The Court is *sua sponte* amending the case caption to reflect the correct name for Defendant.  (*See* ECF No. 4 at PageID. 10.)

[2] Miller is a citizen of Michigan.  (ECF No. 1 at PageID. 2 ¶ 1.)  Delta's filings in other cases in this District reflect that it is incorporated in Delaware, with its

The matter is presently before the Court on Delta's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 4.)  The motion has been fully briefed.  (ECF Nos. 8, 11.)  For the reasons below, the Court is granting in part and denying in part Delta's motion.

## I.  Applicable Standard

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint.  *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  This presumption is not applicable to legal conclusions, however.  *Iqbal*, 556 U.S. at 668.  Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*. (citing *Twombly*, 550 U.S. at 555).

## II.  Factual Background

---

principal place of business in Atlanta, Georgia.  *See, e.g.*, Answer, *Harris v. Delta Air Lines, Inc.*, No. 21-cv-11439 (E.D. Mich. Sept. 14, 2021), ECF No. 3 ¶ 2.

On August 14, 2023, Miller, who is paraplegic, boarded a Delta flight from Orlando, Florida to Detroit, Michigan.  (ECF No. 1 at PageID. 2 ¶ 6)  During the flight, Miller asked for on-board assistance to the lavatory, which was located in the front of the plane.  (*Id.*)  Specifically, he asked if he could be "transferred from his seat to the on-board wheelchair so he could privately relieve himself."  (*Id.* ¶ 7.)  Miller claims the flight attendants stated that they could not assist him, so he had to "scoot[] and crawl[] from his seat in row 15 to the lavatory . . .."  (*Id.* at PageID. 3 ¶ 8.)

Unable to hold his bowels along the way, Miller soiled himself.  (*Id.* ¶ 9.) When Miller reached the restroom, he found it in a "deplorable condition" with a urine-soaked floor which he had to navigate.  (*Id.* ¶ 10.)  Covered in feces and urine, and without access to a wheelchair, Miller was forced to remain in the bathroom until the plane landed in Detroit.  (*Id.* ¶ 12.)  Emergency medical services personnel then escorted him off the plane.  (*Id.* ¶ 13.)  Miller claims he "was humiliated, embarrassed, felt ashamed, anxious, defeated, and degraded" by this experience.  (*Id.* ¶ 13.)

## III.   Applicable Law & Analysis

Delta seeks dismissal of Miller's ACAA claim, arguing that there is no private right of action under the statute.  Delta maintains that Miller's negligent infliction of emotional distress claim fails for the same reason.  More specifically,

3

because there is no private right of action, Delta argues that the statute cannot

create an affirmative duty for an air carrier to provide wheelchair assistance.

Alternatively, Delta contends that the claim is preempted by the statute.

### A.      Whether There is a Private Right of Action Under the ACAA

Article I of the United States Constitution gives Congress the power to enact

federal laws within the purview of its authority and to create "private rights of

action to enforce federal law." *Mich. First Credit Union v. T-Mobile USA., Inc.*, --

F.4th --, 2024 WL 3422669, at *2 (6th Cir. 2024) (quoting *Alexander v. Sandoval*,

532 U.S. 275, 286 (2001)).  Congress does not authorize private suits for damages

in every statute it enacts, however.  *See id.* (quoting *Hernandez v. Mesa*, 589 U.S.

93, 100 (2020)).  Courts must look to the federal statute to decide if Congress

intended to establish a cause of action and to identify the remedies available under

the statute.  *Id.* (citation omitted).

When construing a statute to decide whether Congress intended to create a

private right of action, courts consider four factors: "(1) the statutory text—

specifically, whether the language indicates that the statute was enacted for the

'special benefit of a class of which the plaintiff is a member'; (2) the statute's

legislative history; (3) the purpose and structure of the statute's scheme; and (4) the

likelihood that Congress intended to supersede or supplement existing state

remedies." *Id.* (quoting *Nw. Airlines, Inc. v. Transp. Workers Union of Am., AFL-*

*CIO*, 451 U.S. 77, 91-92 (1981)) (brackets omitted).  "Unless this congressional intent can be inferred from the language of the statute, the statutory structure, or some other source, the essential predicate for implication of a private remedy simply does not exist."  *Id.* (quoting *Nw. Airlines*, 451 U.S. at 94).

The Sixth Circuit Court of Appeals has not decided whether a private right of action exists under the ACAA.  *See Bower v. Fed. Exp. Corp.*, 96 F.3d 200, 204 n.9 (1996) ("We do not address the question of whether a private right of action exists under the ACAA").  In the Eastern District of Michigan, a magistrate judge and district judge have found no private right of action.  *Njoku v. Nw. Airlines, Inc.*, No. 09-13403, 2010 WL 11651978, at *2 (E.D. Mich. Sept. 22, 2010) (Majzoub, M.J.); *Thomas v. Nw. Airlines Corp.*, No. 08-cv-11580, 2008 WL 4104505, at *5 (E.D. Mich. Sept. 2, 2008) (Steeh, J.)  Every Circuit Court of Appeals addressing the question, with one exception, has found no private right of action under the statute.[3]  *See Segalman v. Sw. Airlines Co.*, 895 F.3d 1219, 1225-29 (9th Cir. 2018); *Stokes v. Am. Airlines*, 887 F.3d 199, 205 (5th Cir. 2018) *Lopez v. Jet Blue Airways*, 662 F.3d 593, 597 (2d Cir. 2011); *Boswell v. Skywest Airlines, Inc.*, 361 F.3d 1263, 1266, 1269 (10th Cir. 2004); *Love v. Delta Air Lines*, 310 F.3d 1347,1359 (11th

---

[3] The Third Circuit and D.C. Circuit, like the Sixth Circuit, have reserved deciding the question.  *See Elassaad v. Indep. Air, Inc.*, 613 F.3d 119, 132 n. 18 (3d Cir. 2010); *Tunison v. Cont'l Airlines Corp.*, 162 F.3d 1187, 1188 n.1 (D.C. Cir. 1998).

Cir. 2002); *but see Tallarico v. Trans World Airlines, Inc.*, 881 F.2d 566, 570 (8th Cir. 1989).

The outlier is the Eighth Circuit, which found in *Tallarico* that "Congress implicitly intended that handicapped persons would have an implied private cause of action to remedy perceived violations of the ACAA."  881 F.2d at 570 (brackets and citation omitted).  However, *Tallarico* was decided before the Supreme Court issued *Sandoval* and "narrowed the framework for evaluating whether a statute implies a private cause of action." *Segalman*, 895 F.3d at 1223 (quoting *Gilstrap v. United Air Lines, Inc.*, 709 F.3d 995, 1002 (9th Cir. 2013)).

Prior to *Sandoval*, a court's function was to provide a private right of action when deemed necessary to make a statute's purpose effective. *See Ziglar v. Abbasi*, 582 U.S. 120, 132 (2017) (citing *J.I. Case Co. v. Borak*, 377 U.S. 426, 433 (1964)).  *Sandoval* instructed, instead, that "the 'determinative' question is one of statutory intent." *Id.* at 133 (quoting *Sandoval*, 532 U.S. at 286).  "If the statute itself does not 'display an intent' to create 'a private remedy,' then 'a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute.'"  *Id.* (quoting *Sandoval*, 532 U.S. at 286-87) (brackets omitted).  "If the statute does not itself so provide, a private cause of action will not be created through judicial mandate." *Id.* (citation omitted).

Because the Eighth Circuit's decision in *Tallarico* preceded *Sandoval*, courts have consistently rejected it.  *See, e.g., Segalman*, 895 F.3d at 1223-25 (summarizing the reasoning of other Circuits in not following *Tallarico* and reaching the same result).  Even district courts in the Eighth Circuit have declined to follow *Tallarico* in light of *Sandoval*.  *See, e.g., Wright ex rel. D.W. v. Am. Airlines, Inc.*, 249 F.R.D. 572, 757 (E.D. Mo. 2008); *Shqeirat v. U.S. Airways Grp., Inc.*, 515 F. Supp. 2d 984, 1002 (D. Minn. 2007).  This Court similarly declines to follow *Tallarico* because it is persuaded by those courts reaching a contrary result.

In other words, the ACAA does not create a private right of action and, therefore, Miller's ACAA claim must be dismissed.  Miller is not without a mechanism for relief under the statute, however.  The ACAA affords administrative remedies.  *See Stokes*, 887 F.3d at 203 (quoting *Boswell*, 361 F.3d at 1265).

**B.     Whether the Lack of a Private Action Under the ACAA Precludes Miller from Establishing that Delta Breached a Duty to Support a Negligent Infliction of Emotional Distress Claim**

In support of his negligent infliction of emotional distress claim, Miller alleges that Delta breached its duty under the ACAA to provide him with assistance and/or an on-board wheelchair to access the plane's lavatory.  (ECF No. 1 at PageID. 5-6 ¶¶ 19-22.)  Delta first seeks dismissal of this claim arguing that,

because the ACAA does not provide for a private right of action, it does not create

an affirmative duty for airlines to provide wheelchair assistance.[4]

"Any negligence-based claim must, as its starting point, identify a legal duty

owed by one to another.  If there is no duty, then there is no negligence." *Randall*

*v. Mich. High Sch. Athletic Assoc.*, 965 N.W.2d 690, 703 (Mich. Ct. App. 2020).  A

"[d]uty exists because the relationship between the parties gives rise to a legal

obligation." *Kessler v. Visteon Corp.*, 448 F.3d 326, 330 (6th Cir. 2006) (quoting

*Bertrand v. Allan Ford, Inc.*, 537 N.W.2d 185, 188 (Mich. 1995)).  "The

Legislature can create a duty by statute, but not every statute creates such a duty."

*Id.*  Two questions are relevant when deciding whether a statute creates a particular

duty with respect to a particular party: "(1) did the Legislature intend that the

statute would prevent the type of injury and harm actually suffered by the party;

and (2) did the Legislature intend that the party was within the class of persons

protected by the statute?"  *Id.* (citing *Wood v. Detroit*, 917 N.W.2d 709 (Mich. Ct.

App. 2018); 18 Mich. Civ. Juris., Negligence, § 92).  An affirmative answer to both

questions leads to the conclusion that the statute imposes a legal duty.  *Id.* (citation

---

[4] In its reply brief, Delta also argues that this claim fails because it requires serious injury threatened or inflicted on a third-person rather than Miller.  (*See* ECF No. 11 at PageID. 131-32.)  The Sixth Circuit has interpreted Michigan case law, however, as supporting such an action on behalf of a bystander and/or a direct victim. *Maldonado v. Nat'l Acme Co.*, 73 F.3d 642, 646 (1996) (citations omitted).

omitted).  Delta does not address these questions in arguing that Miller's negligent

infliction of emotional distress claim fails.

Instead, Delta relies exclusively on the district court's decision in *Njoku v.*

*Northwest Airlines, Inc.*, 806 F. Supp. 2d 1022 (E.D. Mich. 2011).  In *Njoku*, the

court relied on *Taylor v. Saxton*, 349 N.W.2d 165 (Mich. Ct. App. 1984), to

conclude that, absent a private right of action under the ACAA, the statute could

not create an affirmative duty on the part of an airline.  *Njoku*, 806 F. Supp. 2d at

1027 (citing *Taylor*, 349 N.W.2d at 167).  However, this Court does not understand

*Taylor* or other Michigan state-court decisions as stating such a broad proposition.

The Michigan courts that have found no duty arising from a statute or

ordinance focused on the fact that the law at issue imposed a duty belonging to the

public rather than to individuals.  *See, e.g., Taylor*, 349 N.W.2d at 167 (concluding

that a municipal ordinance requiring occupants of properties to keep an abutting

public sidewalk clear of ice and snow creates a public duty rather than an

obligation to individuals); *Taylor v. Lake Shore & Mich. S. Ry. Co.*, 7 N.W. 728,

729-30 (Mich. 1881); *see also Detroit Fire Fighters Ass'n v. City of Detroit*, 537

N.W.2d 436, 442-43 (Mich. 1995) (Riley, J., concurring) (quoting *Taylor*, 7 N.W.

at 729-30).  As Justice Riley explained in *Detroit Fire Fighters*:

> As far back as 1881, Michigan cases have held that when a violation
> of a public duty is claimed, a private suit is generally precluded, but if
> the public duty also was intended to benefit private individuals, a
> private action can be maintained. . . . "the nature of the duty and the

9

benefits to be accomplished through its performance must generally
determine whether it is a duty to the public in part or exclusively, or
whether individuals may claim that it is a duty imposed wholly or in
part for their especial benefit.").

Thus, to assess whether the ACAA imposes a duty on airlines to its passengers,

such as Miller, the Court must ask whether the statutory provisions at issue were

intended to benefit individuals and prevent the type of harm and injury Miller

alleges here. *See Kessler, supra*.

Congress passed the ACAA in 1986 as an amendment to the Federal

Aviation Act ("FAA"). *See* Pub. L. No. 99-435 § 2(a), 100 Stat. 1080 (1986). The

ACAA was passed to close a gap in antidiscrimination law uncovered by the

Supreme Court's decision in *Department of Transportation v. Paralyzed Veterans*

*of America*, 477 U.S. 597 (1986), which held that air carriers are not subject to

certain provisions of the Rehabilitation Act. *Id*. at 610-12. The ACAA was

enacted to address and prohibit airline discrimination based on disabilities; and, in

the statute, Congress instructs the Federal Aviation Administration to issue

regulations "to ensure nondiscriminatory treatment of qualified handicapped

individuals consistent with safe carriage of all passengers on air carriers." *See* Pub.

L. No. 99-435 § 3, 100 Stat. at 1080; *see also* 49 U.S.C. §§ 40113(a), 41705(a).

To that end, the statute prohibits discrimination "against an otherwise

qualified individual" because *inter alia* "the individual has a physical or mental

impairment that substantially limits one or more major life activities." 48 U.S.C.

10

§ 41705(a)(1).  As relevant to Miller's claims, the implementing regulations

prohibit airlines from excluding "a qualified individual with a disability from or

deny[ing] the person the benefit of any air transportation or related services that are

available to other persons . . .."  14 C.F.R. § 382.11(a)(3).  As also relevant to

Miller's claims, the regulations state that airlines "must provide services within the

aircraft cabin as requested by or on behalf of passengers with a disability," such as

"[i]f there is an on-board wheelchair on the aircraft, assistance with the use of the

on-board wheelchair to enable the person to move to and from a lavatory" or

"assistance to a semi-ambulatory person in moving to and from the lavatory, not

involving lifting or carrying the person[.]"  *Id*. § 382.111(c), (d).  Miller, as a

paraplegic airline passenger, undoubtedly was within the class of persons protected

by the ACAA.  *See* 13 C.F.R. § 382.3.  The Legislature also clearly intended that

the statute would prevent the type of injury and harm Miller claims.

Thus, the Court concludes that the ACAA imposes a duty on Delta which

may support Miller's negligent infliction of emotional distress claim.  In fact, as

discussed *infra* with respect to Delta's preemption argument, courts have found

that Congress intended the ACAA's standard of care to preempt the field of in-

plane safety and to substitute for a State's ordinary standard.  *See, e.g., Gilstrap*,

709 F.3d at 1006; *Abdullah v. Am. Airlines, Inc.*, 181 F.3d 363, 368 (3d Cir. 1999);

*Naples v. Delta Air Lines, Inc.*, No. 13-cv-11257, 2013 WL 6919717, at *5 (E.D.

Mich. Jan. 16, 2014).  The Court, therefore, turns to Delta's alternative argument

for dismissal: preemption.

### C.     Whether the ACAA Preempts Miller's Negligent Infliction of Emotional Distress Claim

A federal statute may preempt state laws in one of three ways.  First,

"Congress may withdraw specified powers from the States by enacting a statute

containing an express preemption provision."  *Arizona v. United States*, 567 U.S.

387, 399 (2012).  "Field preemption" is the second:  "[T]he States are precluded

from regulating conduct in a field that Congress, acting within its proper authority,

has determined must be regulated by its exclusive governance."  *Id*.  Field

preemption requires "a fieldwork of regulation 'so pervasive that Congress left no

room for the States to supplement it' or where there is a 'federal interest so

dominant that the federal system will be assumed to preclude enforcement of state

laws on the same subject.'"  *Id.* (quoting *Rice v. Santa Fe Elevator Corp.*, 331 U.S.

218, 230 (1947)) (ellipsis removed).  Third, preemption also is implied when a

state law conflicts with federal law.  *Id*.  "Conflict preemption" arises "where

compliance with both federal and state regulations is a physical impossibility," or

"where the challenged state law stands as an obstacle to the accomplishment and

execution of the full purposes and objectives of Congress[.]"  *Id*. at 399-400

(internal quotation marks and citations omitted).

12

When deciding whether a state law claim is preempted in any of these three ways, courts must be mindful of the "strong presumption against federal preemption of state law, one that operates with special force in cases 'in which Congress has legislated in a field which the States have traditionally occupied.'" *Merrick v. Diageo Americas Supply, Inc.*, 805 F.3d 685, 694 (6th Cir. 2015) (quoting *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 485 (1996)).

The ACAA does not expressly preempt state law. *Gilstrap*, 709 at 1003; *Weikert v. Delta Air Lines, Inc.*, No. 20-cv-11277, 2021 WL 5988283, at *3 (E.D. Mich. Oct. 25, 2021). Courts have found that conflict preemption does not apply, either. *See, e.g., Gilstrap*, 709 F.3d at 1009-10; *Elassaad v. Indep. Air, Inc.*, 613 F.3d 119, 126 (3d Cir. 2010); *Adler v. WestJet Airlines, Ltd.*, 31 F. Supp. 3d 1381, 1385 (S.D. Fla. 2014); *Gill v. JetBlue Airways Corp.*, 836 F. Supp. 2d 33, (D. Mass. 2011). This leaves field preemption.

In 2005, the Sixth Circuit adopted the Third Circuit's holding in *Abdullah v. American Airlines, Inc.*, 181 F.3d 363 (3d Cir. 1997), that the FAA "establishes the standards of care in the field of aviation safety and thus preempts the field from state regulation." *Greene v. B.F. Goodrich Avionics Sys., Inc.*, 409 F.3d 784, 795 (6th Cir. 2005). But the *Abdullah* court also made clear that "[e]ven though [it] found federal preemption of the standards of aviation safety, [it] still conclude[d] that the traditional state and territorial law remedies continue to exist for violation

of those standards."  181 F.3d at 375.  The Third Circuit reaffirmed this holding in

*Elassaad*, explaining:

> We did not conclude in *Abdullah* that the passengers' common law
> negligence claims themselves were preempted; instead, we
> determined only that the standard of care used in adjudicating those
> claims were preempted.  Local law still governed the other negligence
> elements (breach, causation, and damages), as well as the choice and
> availability of remedies.

613 F.3d at 125.  The Ninth Circuit has reached the same conclusion, as have

judges in the Eastern District of Michigan.  *See, e.g., Gilstrap*, 709 F.3d at 1006-

07; *Allen v. Spirit Airlines, Inc.*, 981 F. Supp. 2d 688, 692 (E.D. Mich. 2013)

(quoting *Abdullah*, 181 F.3d at 375) (explaining that "'traditional state law

remedies continue to exist' based upon violations of the *federal* standard of care");

*Naples v. Delta Air Lines, Inc.*, No. 13-cv-11257, 2013 WL 6919717, at *5-6 (E.D.

Mich. Jan. 16, 2014) (holding that the FAA did not completely preempt the

plaintiff's negligence claim, only the standard of care was preempted; state law

remedies remained available).

Persuaded by these decisions, this Court concludes that Miller's negligence

claim is not completely preempted by the ACAA, even though the statute's duties

preempts Michigan's standards of care.

**IV.    Miller's Request to Amend**

In response to Delta's motion, Miller requests leave to amend his Complaint

to add premises liability and negligence claims.  (ECF No. 8 at PageID. 84-90.)  It

is unclear to the Court whether Miller wishes to add these claims only if one or

both of his original claims do not survive Delta's motion or regardless of the

outcome of the motion.  In any event, it is procedurally improper to request leave

to amend a pleading in a brief responding to the opposing party's motion.  *See* E.D.

Mich. LR 7.1(i).  As Local Rule 7.1(i) provides, motions may not be combined

with any other stand-alone document.  *Id.*  To the extent Miller still wishes to

amend his pleading, he is instructed to file a separate motion making that request.

He is advised that the motion must comply with the Federal Rules of Civil

Procedure and this District's Local Rules, including Eastern District of Michigan

Local Rule 15.1.

## V.      Conclusion

In summary, the Court holds that there is no private right of action under the

ACAA.  Therefore, Miller's claim under the statute is dismissed.  The Court does

not reach the same conclusion with respect to Miller's negligent infliction of

emotional distress claim.  The ACAA does not completely preempt the claim,

although the statute does establish the applicable standard of care.

Accordingly,

**IT IS ORDERED** that the motion to dismiss (ECF No. 4) is **GRANTED IN**

**PART AND DENIED IN PART**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: August 20, 2024