UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARIUS MARCEL MILLER,

    Plaintiff,                             Case No. 2:24-cv-10086

v.                                          Hon. Linda V. Parker

DELTA AIR LINES, INC.,          Mag. Judge Elizabeth A. Stafford

    Defendant.

_____/

**DEFENDANT DELTA AIR LINES, INC.'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT
AND DEMAND FOR TRIAL BY JURY**

Defendant Delta Air Lines, Inc. ("Delta"), improperly sued as "Delta Airlines, Inc.," by and through its attorneys, Taft Stettinius & Hollister LLP, submits the following for its Answer to Plaintiff's Complaint:

**JURISDICTION**

1. That Plaintiff is a resident of the City of Troy, County of Wayne [sic], State of Michigan.

    **ANSWER: Delta lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.**

2. That Defendant Delta Airline [sic] is a Foreign Corporation and a common carrier that operates throughout the continents/United States and outside of the United States.

> **ANSWER: Admitted only that Delta is a foreign corporation, that it was and is an air carrier as defined by 49 U.S.C. §40102, and that it operates under an Air Carrier Certificate pursuant to 49 U.S.C. §§41101, *et seq.*, including at Detroit Metropolitan Wayne County Airport (DTW). In all other respects, denied.**

3. That the amount exceeds seventy-five thousand dollars ($75,000.00) exclusive of cost and interest and diversity of citizenship exists.

> **ANSWER: Delta states that the Court has subject matter jurisdiction under 28 U.S.C. §1332 because there is complete diversity of citizenship between Plaintiff, on one hand, and Delta, on the other hand, and because Plaintiff has alleged damages in excess of $75,000 based on a fair reading of his Complaint; however, Delta denies any liability for such alleged damages and denies the alleged value of Plaintiff's claimed damages.**

## SUBJECT MATTER JURISDICTION AND VALUE

4. Venue is proper in the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. §1391.

> **ANSWER: Delta states that under 28 U.S.C. §1391, venue is proper in this District because a substantial part of the events and/or omissions giving rise to the claim alleged in Plaintiff's Complaint occurred in this District and/or because Delta is otherwise subject to personal jurisdiction in this District given its systematic and continuous business activities within this District.**

5. The Air Carrier Access Act of 1986 (ACAA) U.S. Transportation (1980) in 14 CFR Part 382, §382.39 (a)(1) and §382 (b)(3).

> **ANSWER: Based on the Court's Opinion and Order Granting in Part and Denying in Part Defendant's Motion to Dismiss (ECF No. 12), no response is necessary.**

## COMMON ALLEGATION
## (FACTS)

6. That on August 14, 2023, Plaintiff, a paraplegic male, boarded Defendant Delta Airline Flight 1392 from MCO (Orlando, Florida) to DTW (Detroit Metropolitan).

**ANSWER: Admitted.**

7. That Plaintiff while in flight requested of the flight attendants to be transferred from his designated seat to the on-board wheelchair so that he could privately relieve himself in the restroom.

**ANSWER: Delta lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.**

8. That Plaintiff was informed that wheelchair assistance would not be forthcoming. As a result of Plaintiff's biological need, he was compelled to scoot and crawl to the restroom from row 15 to the front of the plane. No type of assistance from attendance was available.

**ANSWER: Delta lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.**

9. That during Plaintiff traversing the floor, he could not hold his bowels and fecal matter was expelled from his bowels.

**ANSWER: Delta lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.**

10. That upon Plaintiff reaching and entering the restroom, he found same in deplorable condition; to wit; urine-soaked floor which he had navigated onto and through.

**ANSWER: Denied.**

11. That Plaintiff was humiliated, embarrassed, felt ashamed, anxious, defeated, and degraded.

**ANSWER: Delta lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.**

12. That as a result of the aforesaid feeling, the fact that his clothing was soaked with feces, urine, and lack of a wheelchair, Plaintiff was forced to stay and remain in the bathroom for hours until the flight landed at DTW (Detroit Metro).

**ANSWER: Delta lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.**

13. That subsequent to landing, Plaintiff with his foul-smelling and soiled clothing was escorted off the plane by Fire Marshalls (EMS).

**ANSWER: Delta lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.**

## COUNT I – VIOLATION OF AIR CARRIER ACCESS ACT

14. That Plaintiff incorporates herein by reference word for word the allegations contained in paragraphs, one (1) through thirteen (13) as more fully set forth herein.

**ANSWER: Delta incorporates by reference its answers to paragraphs 1 through 13 as if fully restated herein.**

15. That Defendant is governed by the Air Carrier Access Act of 1986 (ACAA) U.S. Department of Transportation Regulation 14 C[F]R part 382, recently updated in 2008 which took effect in May 2009.

**ANSWER: Based on the Court's Opinion and Order Granting in Part and Denying in Part Defendant's Motion to Dismiss (ECF No. 12) dismissing this Count I, no response is necessary. If a response is deemed necessary, the allegations state legal conclusions and not allegations of fact and/or allegations that mischaracterize the duty, to which no response is required. However, to the extent any duty was owed by Delta, none was breached.**

16. That Defendant failed to comply with §382.39 (a)(1), to wit:

This assistance shall include … The services personnel and use of ground wheelchairs, onboard wheelchairs…

"Onboard wheelchair on the Aircraft, assistance with the use of the onboard wheelchair to enable the person to in or out to and from the lavatory §382.39 (b)(3)

**Type of Other Violations:**

Aircraft with more than one aisle should provide at least one lavatory accessible via an on-board aircraft wheelchair. The lavatory must provide door locks, call buttons, grab bars, faucets, and other controls accessible to a person with a disability, including those who entered by means of the on-board wheelchair. §382.21 (a)(3)

All aircraft with an accessible lavatory and more than 60 seats must be equipped with an on-board aisle wheelchair. §382 (a)(4)

Passengers requiring use of the on-board wheelchair for access to the lavatory must receive assistance in the maneuvering (pushing, pulling, turning) of the wheelchair by carrier personnel. Flight attendants are

5

not required to provide assistance in lifting the passenger from the seat aisle chair or from the aisle chair to lavatory toilet. §382.21 (a)(4)

**ANSWER: Based on the Court's Opinion and Order Granting in Part and Denying in Part Defendant's Motion to Dismiss (ECF No. 12) dismissing this Count I, no response is necessary. If a response is deemed necessary, the allegations state legal conclusions and not allegations of fact and/or allegations that mischaracterize the duty, to which no response is required. However, to the extent any duty was owed by Delta, none was breached.**

17. That Defendant violated the above-promulgated rules, regulations, and/or statutes by failing to provide Plaintiff with an on-board wheelchair.

**ANSWER: Based on the Court's Opinion and Order Granting in Part and Denying in Part Defendant's Motion to Dismiss (ECF No. 12) dismissing this Count I, no response is necessary. If a response is deemed necessary, the allegations state legal conclusions and not allegations of fact and/or allegations that mischaracterize the duty, to which no response is required. However, to the extent any duty was owed by Delta, none was breached.**

18. That as a direct and proximate result of Defendant's aforesaid violations, Plaintiff suffered damages as alleged in this Complaint.

**ANSWER: Based on the Court's Opinion and Order Granting in Part and Denying in Part Defendant's Motion to Dismiss (ECF No. 12) dismissing this Count I, no response is necessary. If a response is deemed necessary, denied.**

## COUNT II: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

19. That Plaintiff incorporates herein by reference word for word the allegations contained in paragraphs, one (1) through eighteen (18) as more fully set forth herein.

**ANSWER: Delta incorporates by reference its answers to paragraphs 1 through 18 as if fully restated herein.**

20. That Defendant had a duty imposed on it by the Air Carrier Access Act of 1986 (ACAA), to provide Plaintiff with an on-board wheelchair.

**ANSWER: Based on the Court's Opinion and Order Granting in Part and Denying in Part Defendant's Motion to Dismiss (ECF No. 12), no response is necessary. If a response is deemed necessary, the allegations state legal conclusions and not allegations of fact and/or allegations that mischaracterize the duty, to which no response is required. However, to the extent any duty was owed by Delta, none was breached.**

21. That Defendant breached said duty by failing to provide an on-board wheelchair and/or inspect the on-board wheelchair to ensure it was operable before departure.

**ANSWER: Denied.**

22. That as a direct and proximate result of Defendant's breach of its duty Plaintiff was damaged and suffered severe and serious emotional distress, humiliation, mortification, embarrassment, sleeplessness, and anxiety.

**ANSWER: Denied.**

WHEREFORE, Plaintiff prays for judgment for mental abuse and suffering, humiliation and embarrassment, anxiety, mental anguish, costs, interest, and attorney fees as provided by law and any other damages this Court deems just and proper.

**Answering Plaintiff's "WHEREFORE" paragraph following paragraph 22, Delta denies that Plaintiff is entitled to any recovery or relief, equitable or legal, including a money judgment, whatsoever from Delta.**

**WHEREFORE, Defendant Delta Air Lines, Inc. respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice and with costs, including but not limited to reasonable attorney fees to Delta as well as any other legal and equitable relief to which Delta may be entitled.**

## AFFIRMATIVE DEFENSES

Defendant Delta Air Lines, Inc. ("Delta"), by and through its attorneys, Taft Stettinius & Hollister LLP, submits the following for its Affirmative Defenses to Plaintiff's Complaint and states:

1. Failure to state a claim: Plaintiff's Complaint should be dismissed in whole or in part due to Plaintiff's failure to state a claim or claims upon which relief can be granted, including but not limited to Plaintiff's failure to properly or adequately set forth the federal standard(s) of care as a requisite element of his claims, and Plaintiff has not otherwise set forth the federal standard(s) of care alleged to have been breached.

2. Choice of law: Plaintiff's claim is governed by and barred in whole or in part by laws other than the laws of the State of Michigan, including but not limited to federal law and/or the laws of another state.

3. Federal preemption: Plaintiff's claim is preempted in whole or in part by federal law, including but not limited to: the Federal Aviation Regulations, 14 C.F.R. §§1.1, *et seq.*, the Federal Aviation Act of 1958 as amended (P.L. 5-726, 72

Stat. 731, formerly codified as 49 U.S.C. §§1301, *et seq.*, now recodified and incorporated into 49 U.S.C. §§40101, *et seq.*); the Air Carrier Access Act, 49 U.S.C. §41705 and 14 C.F.R. Part 382; and/or the Airline Deregulation Act of 1978, 49 U.S.C. §41713.

4. Contract of Carriage: Plaintiff's claim is barred in whole or in part by Delta's Contract of Carriage. Additionally, with every passenger's ticket purchase, Delta provides notice of its Contract of Carriage, and the incorporation of its terms, and makes the full text of the Contract of Carriage available to passengers. The foregoing complies with any and all applicable federal common law and regulations, including but not limited to 14 C.F.R. §§253.4(a) and 253.5(a).

5. Not an insurer: To the extent Delta is deemed a "common carrier," it is not an insurer of passenger safety and does not have a duty to protect passengers from risks ordinarily present in the mode of conveyance employed.

6. Statute of limitations/period of limitations/notice: To the extent the claim was brought after the expiration of the applicable statute of limitations, period of limitations, contractual limitations period, and/or notice period, Plaintiff's claim is barred in whole or in part.

7. Third party/non-party fault: Plaintiff's claim is barred in whole or in part to the extent of any fault or negligence of third parties and/or non-parties.

8. No vicarious liability: Delta cannot be held vicariously liable for the alleged negligence, acts, and/or omissions of any third parties and/or non-parties.

9. Superseding/intervening events: Plaintiff's claim is barred in whole or in part to the extent of any superseding and/or intervening events.

10. Pre-existing conditions: The extent of any result of unrelated, pre-existing, and/or subsequent conditions unrelated to Delta's alleged acts or omissions bar Plaintiff's claim in whole or in part.

11. No actual damages: Plaintiff suffered no actual damages related to Delta's alleged acts and omissions.

12. Speculative damages: Plaintiff cannot recover for his alleged damages that are speculative in nature.

13. Failure to mitigate damages: Plaintiff failed to mitigate his damages or take reasonable steps to mitigate or prevent the damages Plaintiff claims to have suffered.

14. Set-off: Delta asserts that if it is liable to Plaintiff, which liability Delta expressly denies, then Delta is entitled to a set-off for all settlements/benefits received by Plaintiff, if any.

15. Reasonable measures: Delta is not liable for Plaintiff's damages because it and its servants took all measures that could reasonably be required to avoid Plaintiff's alleged injuries and damages.

16. Condition not an unreasonable risk of harm: Plaintiff's Complaint is barred in whole or in part since the alleged facilities and/or premises at issue had no hazardous or dangerous condition alleged to have caused injury to Plaintiff, nor was it one that created an unreasonable risk of harm.

17. Lack of notice: Plaintiff's Complaint is barred in whole or in part since Delta had no notice of any hazards, risks, or liabilities associated with an alleged dangerous condition on the premises about which Plaintiff complains, nor was any alleged hazard or defect of which Plaintiff complains the nature or in existence of the duration that Delta should have known of the existence of any hazards, risks, or liabilities associated with an alleged dangerous condition.

18. Condition unknown: Plaintiff's Complaint is barred in whole or in part since any dangerous condition alleged by Plaintiff was not known to Delta, nor did reasonable inspection of the premises uncover the hazard or defect alleged by Plaintiff.

19. No special aspects: Plaintiff's Complaint is barred in whole or in part because the complained of condition presents no "special aspects" under Michigan law.

Reservation: Affirmative defenses are legal defenses, which if not stated in response to the Complaint, may be waived. Accordingly, as indicated above, Delta

may modify, withdraw, and/or add affirmative defenses as information becomes available during investigation and discovery conducted hereafter.

WHEREFORE, Defendant Delta respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, with costs, including but not limited to reasonable attorney fees to Delta as well any other legal and equitable relief to which Delta may be entitled.

## **DEMAND FOR TRIAL BY JURY**

Defendant Delta Air Lines, Inc., by and through its attorneys, Taft Stettinius & Hollister LLP, hereby demands a trial by jury in the above-entitled cause on all issues so triable.

Respectfully submitted,

TAFT STETTINIUS & HOLLISTER LLP

Dated: September 4, 2024   By:   /s/ Scott R. Torpey
Scott R. Torpey (P36179)
Derek D. McLeod (P66229)
*Attorneys for Delta Air Lines, Inc.*
27777 Franklin Rd., Ste. 2500
Southfield, MI  48034-8214
(248) 351-3000
(248) 351-3082 fax
storpey@taftlaw.com
dmcleod@taftlaw.com

## **CERTIFICATE OF SERVICE**

Scott R. Torpey hereby certifies that on September 4, 2024, I did serve a copy of Defendant Delta Air Lines, Inc.'s Answer and Affirmative Defenses to Plaintiff's Complaint and Demand for Trial by Jury via the online e-file portal to all participants.

/s/ Scott R. Torpey
Scott R. Torpey

134826871